JANET M. HEROLD
Regional Solicitor
DANIEL J. CHASEK
Associate Regional Solicitor
**NATALIE NARDECCHIA** (CSBN 246486)
Trial Attorney
United States Department of Labor
Office of the Solicitor
350 S. Figueroa St., Ste. 370
Los Angeles, CA 90071
Direct: (213) 894-3284
Facsimile: (213) 894-2064
Email: Nardecchia.Natalie@dol.gov

Attorneys for Plaintiff, Thomas E. Perez,
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**OXNARD MANOR LP,** a California limited partnership dba Oxnard Manor Healthcare Center;<br>**STEVEN RIEDER**, an individual.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, et seq.)** |

1.  Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary") brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended,

1. (29 U.S.C §§ 201-19) ("FLSA"), to enjoin Defendants Oxnard Manor LP, a California limited partnership dba Oxnard Manor Healthcare Center, and Steven Rieder ("Defendants") from violating the provisions of Sections 6, 7, 11 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211, and 215.

2. Plaintiff also and separately brings this action pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for the recovery of a judgment against Defendants for overtime compensation due Defendants' employees listed in the attached Exhibit A (and additional employees whose claims become known to Plaintiff) and liquidated damages in an amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due.

3. Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

5. At all times material hereto, Defendant Oxnard Manor LP is and has been a California limited partnership licensed to do business in the State of California, with its principal place of business located at 1400 W. Gonzales Rd., Oxnard, California, within the jurisdiction of this Court, where it is and has been engaged in the nursing home business.

6. At all times material hereto, Defendant Steven Rieder is and has been an officer and/or director and/or administrator of Defendant Oxnard Manor LP, and is and has been at all relevant times an employer within the meaning of FLSA

1  § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in
2  the interest of Defendants (employers) in relation to their employees listed on
3  Exhibit A (and additional employees whose claims become known to Plaintiff),
4  and had economic and operational control over Defendants and their businesses in
5  the State of California. Mr. Rieder, at all times material hereto, has had the
6  authority to hire, direct, discipline, and fire employees of Oxnard Manor LP and
7  has served as the VP of Operations.
8      7.   At all times relevant to this Complaint, Defendants employ and/or
9  employed employees in and about their places of business who handled, sold, or
10 otherwise worked on goods or materials that have been moved in or produced for
11 commerce by any person.
12     8.   At all times relevant to this Complaint, Defendants were engaged in
13 related activities performed through unified operation or common control for a
14 common business purpose as defined in FLSA § 3(r)(1), 29 U.S.C. § 203(r)(1).
15     9.   At all times relevant to this Complaint, Defendant Oxnard Manor LP
16 is and has been an "enterprise engaged in commerce or in the production of goods
17 for commerce within the meaning of the FLSA," as defined in FLSA § 3(s)(1)(A),
18 29 U.S.C. § 203(s)(1)(A), having annual gross volume of sales made or business
19 done of not less than $500,000 (exclusive of sales taxes at the retail level that are
20 separately stated).

## VIOLATIONS OF THE FLSA

22     10.  Defendants have violated and/or are violating the provisions of
23 Sections 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), by employing the employees
24 listed in Exhibit A (and additional employees whose claims become known to
25 Plaintiff) who were engaged in commerce or in the production of goods for

commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

11. Defendants have violated and/or are violating the provisions of Sections 7 and 15(a)(2), 29 U.S.C. §§ 207, 215(a)(2), by misclassifying employees as exempt under the FLSA, by requiring employees to punch out and work off the clock, by requiring employees to deduct hours worked, and/or by paying straight time wages instead of overtime wages for hours in excess of 40 in a work week.

12. Defendants have violated and/or are violating the provisions of Section 15(a)(3), 29 U.S.C. § 215(a)(3), by retaliating against employees, including Margot Sanchez, whom Defendants believed had engaged in activities protected by the FLSA.

13. Defendants have violated and/or are violating the provisions of Section 15(a)(3), 29 U.S.C. § 215(a)(3), by intimidating, harassing, disciplining, threatening to discipline, terminating, and threatening to terminate employees, and by requiring employees to deduct hours worked. Defendants unlawfully terminated Margot Sanchez because Defendants believed she had engaged in activities protected by the FLSA.

14. Defendants have violated and/or are violating Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the

regulations promulgated by Plaintiff pursuant to the authority granted in the FLSA, published at 29 C.F.R. § 516.1.

15. Defendants have violated and/or are violating Sections 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c), 215(a)(5), by failing to accurately record and maintain records of hours and wages for employees whom Defendants misclassified as exempt employees. Defendants, in requiring employees to work off the clock and/or deduct hours worked, also failed to accurately record and maintain records of all hours worked for employees who were classified by Defendants as hourly.

16. Defendants have violated and/or are violating Section 11(a), 29 U.S.C. § 211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA.

17. Defendants have violated and/or are violating Section 11(a), 29 U.S.C. § 211(a), by refusing to submit corporate records deemed necessary by the Secretary for his investigation into Defendants' compliance with the FLSA. Defendants have also obstructed the Secretary's investigation by intimidating, threatening, and disciplining employees, and by demanding to know whether employees spoke to representatives of the Secretary. Defendants further attempted to silence employees from speaking with representatives of the Secretary and/or direct employees to withhold information from representatives of the Secretary.

18. Defendants violated and/or are violating the monetary provisions of the FLSA, and, as a result, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c), 29 U.S.C. § 216(c), of the FLSA.

19. At all times relevant to this Complaint, Defendants repeatedly violated the above-described provisions of the FLSA.

20. Defendants' violations of the above-described provisions of the FLSA were willful in nature.

21. As a result of the violations of the overtime provisions of the FLSA, there is unpaid overtime compensation due under the FLSA that is being withheld by Defendants.

22. Judgment permanently enjoining and restraining the above violations of the FLSA is specifically authorized by Section 17, 29 U.S.C. § 217.

23. Judgment awarding unpaid back wages due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by Section 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating Sections 6, 7, 11 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211, and 215;

(2) For an Order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation found by the Court to be due Defendants' employees (including those named in the attached Exhibit A and additional employees whose claims become known to Plaintiff), plus an equal amount in liquidated damages;

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to FLSA § 17, 29 U.S.C. § 217, restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from continuing to withhold the amount of unpaid overtime compensation found due defendants' employees, including prejudgment interested computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(4)     For an order awarding all other appropriate legal or equitable relief including reinstatement to Margot Sanchez, restitution of lost wages and other monetary losses, and remediation of other injuries suffered by employees including Margot Sanchez as a result of Defendants' violation of FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3);

(5)     For an Order awarding Plaintiff his fees and the court costs of action; and

(6)     For an Order granting Plaintiff such other and further relief as may be necessary and appropriate.

Dated: February 27, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

NATALIE NARDECCHIA
Trial Attorney