Janet M. Herold
Regional Solicitor
Susan Seletsky
Counsel for FLSA
**Boris Orlov,**
**Senior Trial Attorney** (CSBN 223532)
**Nancy E. Steffan,**
**Trial Attorney** (CSBN 280958)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071
Telephone: (213) 894-5366
Facsimile:  (213) 894-2064
Email: Steffan.Nancy.E@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br><br>v.<br><br>OXNARD MANOR LP, a California limited<br>    partnership dba Oxnard Manor Healthcare<br>    Center; and<br>STEVEN RIEDER, an individual,<br>                              Defendants. | HON. S. JAMES OTERO<br><br>Case No.: 2-14-cv-01490-SJO-FFM<br><br>CONSENT JUDGMENT |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Oxnard Manor, LP a California Limited Partnership, and Steven Rieder, individually and as an employer under the Fair Labor Standards Act with respect to the partnership defendant (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent

Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2), 15(a)(3) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(3) and 215(a)(5).

B. Defendants have appeared and have filed an answer to the Secretary's Complaint denying the allegations of the Secretary's complaint. For the purposes of this Consent Judgment, Defendants neither admit nor deny the allegations in the Secretary's Complaint.

C. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E. Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a) (2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2), 215(a)(3) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA,

or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants shall not, contrary to FLSA § 15(a)(3), discharge or otherwise discriminate against any employee for exercising any right protected by the FLSA. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not contrary to FLSA § 15(a)(3), in any way discharge or otherwise discriminate, retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

4. Defendants, jointly and severally, pursuant to FLSA Section 17, shall not continue to withhold the payment of $31,449.28 in overtime pay hereby found to be due under the FLSA to 23 employees, as a result of their employment by Defendants during the period of June 9, 2012 through June 1, 2013 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent

1 Judgment.

2 5. Liquidated damages in the amount of $13,550.72 are hereby due under the
3 FLSA, Section 16(c).

4 IT IS FURTHER ORDERED that Judgment is hereby entered in favor of the Sec-
5 retary and against Defendants, jointly and severally, in the total amount of $45,000, con-
6 stituting the aforementioned $31,449.28 in overtime pay and $13,550.72 in liquidated
7 damages.

8 6. To accomplish the requirements of Paragraphs 4 and 5, Defendants shall deliv-
9 er to the Wage and Hour Division, United States Department of Labor, 915 Wilshire
10 Blvd., Suite 960, Los Angeles, CA 90017, the following:

11 a. On or before November 15, 2014, a schedule in duplicate bearing the
12 name of the corporate Defendant, employer identification number, address, and
13 phone number of the corporate Defendant and showing the name, last known
14 (home) address, social security number, gross backwage amount for each person
15 listed in the attached Exhibit 1.

16 b. Defendants shall make the payments set forth on the attached Exhibit 2.
17 Each payment includes interest calculated at 1% per year on the unpaid balance
18 until the balance is paid in full. Payment 1 shall have the Firm name and "LDs +
19 Int." written on it, and shall be payable to the order of the "Wage and Hour Div.,
20 Labor." Payments 2 through 4 shall have the Firm name and "BWs + Int." written
21 on each, and shall be payable to the order of the "Wage and Hour Div., Labor."
22 All payments shall be delivered on or before the date the payment is due as set
23 forth in Exhibit 2.

24 c. In the event of any default in the timely making of any payment due
25 hereunder, the full amount due under the backwage and liquidated damages provi-
26 sions of this Judgment which then remains unpaid, plus post-judgment interest at
27 the rate of 5% per year, from the date of this Judgment until paid in full, shall be-
28 come due and payable upon the Secretary's sending by ordinary mail a written

demand to the last business address of the Defendants then known to the Secretary. Defendants shall have ten days from written notification by Plaintiff to cure any payment default.

    d. The Secretary shall allocate and distribute the funds described in paragraphs 4 and 5 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

7. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

    a. Defendants shall record all hours worked by employees in the payroll records.

    b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    d. Defendants shall pay employees for all compensable waiting time.

    e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

    f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

    g. Defendants shall not require employees to work uncompensated "off the clock" time either before or after their shift.

    h. Defendants shall not misclassify employees as exempt from overtime if

they do not meet the requirements of the applicable exemption.

8.    Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages or liquidated damages from any of the employees listed on the attached Exhibit 1.  Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment.  Violation of this paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

9.    On at least an annual basis, in 2014, 2015 and 2016, Defendants shall hire an independent third party to conduct training as to the requirements of the FLSA. The training shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements.   All supervisors as well as the individuals who determine the employees pay or schedules or who prepare payroll shall attend this training.  Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request

10.    Within the first six months of the execution of this Judgment, Defendants shall allow representatives of the Wage and Hour Division of the U.S. Department of Labor to conduct a presentation at their business location as to the requirements of the FLSA and this Judgment. The presentation shall not exceed 1 hour with and additional question and answer session of 1 hour if such session is deemed necessary by the Wage and Hour representative. Defendants shall require all employees to attend this presentation during regular business hours. Defendants and Wage and Hour representatives will cooperate on the scheduling of this presentation, recognizing that because Defendants' employees work in shifts, multiple trainings may be required.

11.    Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 3, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  In addition, Defendants shall provide copies of Exhibit 3 to all new hires,

and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of three years from the date this Judgment is executed by all parties.

ORDERED that The Secretary's Section 15(a)(3), 29 U.S.C. §215(a)(3) claim alleging retaliation against Margot Sanchez is dismissed without prejudice and the entry of this Judgment shall not act or be asserted as a bar to any employee action under section 15(a)(3).

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: November 14, 2014.

_____
Honorable S. James Otero
United States District Judge

1  For the Defendants:
2  The Defendants hereby appear, waive any
   defense herein, consent to the entry of
3  this Judgment, and waive notice by the
4  Clerk of Court:
5
6  For: Oxnard Manor, L.P.,
7
8  By: _____        11/04/2014
                                             Date
9
10 Its: __Administrator_____
11
12
13 For: Steven Rieder
14
15 By: _____        11/04/2014
       Steven Rieder, Individually           Date
16

1 | Attorneys for the Defendants
2 | BALLARD ROSENBERG GOLPER
3 | & SAVITT, LLP
4 |
5 |
6 | _____    11/6/14
    JOHN B. GOLPER, Esq.              Date
7 | STEPHANIE B. KANTOR, Esq.
8 |
...
28 |

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

SUSAN SELETSKY
FLSA Counsel

NANCY E. STEFFAN
Trial Attorney

_/s/ Boris Orlov_            11-7-14
BORIS ORLOV                 Date
Senior Trial Attorney
Attorneys for the Plaintiff
U.S. Department of Labor

Consent Judgment                             Page 10 of 14

EXHIBIT 1

| EMPLOYEE NAME | START DATE | END DATE | BACK WAGES DUE | LIQUIDATED DAMAGES | TOTAL |
|---|---|---|---|---|---|
| Rina Abante | 4/20/2013 | 6/1/2013 | $ 1,050.00 | | $ 1,050.00 |
| Christophe Arce | 6/30/2012 | 5/18/2013 | $ 175.95 | | $ 175.95 |
| Rosemarie Basallo | 4/13/2013 | 5/11/2013 | $ 1,087.50 | | $ 1,087.50 |
| Emily G. Cananizado | 3/30/2013 | 6/1/2013 | $ 1,071.00 | | $ 1,071.00 |
| Eileen Casiano | 6/9/2012 | 6/1/2013 | $ 517.50 | | $ 517.50 |
| Leilanie Castillejo | 6/16/2012 | 6/1/2013 | $ 860.50 | | $ 860.50 |
| Brenda Cayago | 4/27/2013 | 5/25/2013 | $ 1,119.38 | | $ 1,119.38 |
| Ella Damron | 4/20/2013 | 6/1/2013 | $ 1,338.75 | | $ 1,338.75 |
| Arnold C. Elan | 1/26/2013 | 6/1/2013 | $ 138.00 | | $ 138.00 |
| Teresa Espinosa | 11/3/2012 | 7/31/2013 | $ 2,087.40 | $ 1,972.59 | $ 4,059.99 |
| Robert Gatongay | 6/9/2012 | 3/30/2013 | $ 750.00 | | $ 750.00 |
| Florence Guevarra | 6/9/2012 | 6/1/2013 | $ 1,207.50 | | $ 1,207.50 |
| Teresa Gullen | 4/20/20134 | 6/1/2013 | $ 1,207.29 | | $ 1,207.29 |
| Margarito Cruz Hernandez | 8/11/2012 | 6/1/2013 | $ 2,794.00 | $ 2,637.54 | $ 5,431.54 |
| Erlinda Lizardo | 8/11/2012 | 10/20/2012 | $ 52.50 | | $ 52.50 |
| Margarita Macias | 6/9/2012 | 6/1/2013 | $ 939.36 | | $ 939.36 |
| Rogoberto Macias | 6/30/2012 | 9/1/2012 | $ 186.24 | | $ 186.24 |
| Loren Magante | 4/20/2013 | 6/1/2013 | $ 77.16 | | $ 77.16 |
| Doris Menga | 4/20/2013 | 5/25/2013 | $ 648.00 | | $ 648.00 |
| Robert Nichols | 6/9/2012 | 6/1/2013 | $ 4,520.83 | | $ 4,520.83 |
| Richard D. Pederson | 8/11/2012 | 6/1/2013 | $ 2,190.42 | $ 2,067.76 | $ 4,258.18 |
| Jovitz Redison | 4/14/2013 | 4/20/2013 | $ 150.00 | | $ 150.00 |
| Margot Sanchez | 6/9/2012 | 6/1/2013 | $ 7,280.00 | $ 6,872.83 | $14,152.83 |
| TOTAL | | | $31,449.28 | $ 13,550.72 | $45,000.00 |

# EXHIBIT 2

| Payment No. | Date Due | Amount Due | Interest Due | Total Due | |
|---|---|---|---|---|---|
| 1 | 11/15/2014 | $13,550.72 | $45.17 | $13,595.89 | Liquidated Damages |
| 2 | 12/15/2014 | $8,949.28 | $29.83 | $8,979.11 | Back Wages |
| 3 | 1/15/2015 | $11,250.00 | $37.50 | $11,287.50 | Back wages |
| 4 | 2/15/2015 | $11,250.00 | $37.50 | $11,287.50 | Back Wages |
| | Total | $ 45,000.00 | $ 150.00 | $ 45,150.00 | |

# EXHIBIT 3

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **OXNARD MANOR, LP,** from violating the overtime requirements of the **Fair Labor Standards Act**. All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.**

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen.  A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada.  Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una  orden que prohíbe a **OXNARD MANOR LP,** de violar los requisitos de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.  Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte.  **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375.  Su llamada será confidencial.**